UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOEL DURAN,<br><br>            Plaintiff,<br><br>    v.<br><br>DAKOTA FINANCIAL, LLC., *et. al.*,<br><br>            Defendants. | Case No. 4:15-cv-00076-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiff's Motion to Vacate Dismissal and Motion for Clerk's Default Judgment Against Dakota Financial, LLC (Dkt. 26). For the reasons explained below, the Court will deny the motion.

## ANALYSIS

During an informal telephone conference with counsel and the Court's staff, all parties agreed that since Dakota Financial was the only remaining defendant, and because the amount in controversy did not exceed $75,000, the Court lacked jurisdiction under 28 U.S.C. § 1332. Therefore, the Court dismissed the case. Dkt. 25.

About ten days after the Court dismissed the case, Duran filed his motion to vacate the dismissal and for entry of default. The motion is supported by an argument that Duran inadvertently omitted two months of lost opportunities while the faulty truck was being

MEMORANDUM DECISION AND ORDER - 1

repaired. He argues that this equals an additional $56,000, bringing his claim to $108,710. – more than the $75,000 jurisdictional amount.

The only support for the additional amount of damages is the affidavit of Duran's counsel, which states that "[p]etitioner suffered a loss of $7,000.00 per week for eight (8) weeks in lost opportunities while the truck in this case was in the repair shop for a total of $56,000.00 in lost opportunities." *Rasmussen Aff.,* ¶ 7, Dkt. 26-1. The affidavit is insufficient for two reasons. First, Rasmussen has no personal knowledge to make the statement that Duran suffered such losses. Second, the losses stated by Rasmussen are contradicted by several earlier statements made by both Rasmussen and Duran. On January 17, 2014, Rasmussen sent to defense counsel a demand letter, proposed Complaint verified by Duran, and Duran's signed Affidavit in support of the proposed complaint. *Murphy Aff.,* Ex. A, Dkt. 27-1. In those documents, Rasmussen states that Duran's damages were (1) out of pocket expenses in the amount of $11,282.08 and (2) payments made to Dakota by Duran in the amount of $10,000.00, for a total of $21,282.08 in damages. Also, on November 28, 2013, Duran signed an affidavit which was filed with the Verified Complaint on March 10, 2015. In that Affidavit, Plaintiff alleges that his repairs to date were $21,140.06, plus $7,500.00 for attorney fee for a total of $28,640.06. Dkt. 1.

Counsel's manufactured damages, asserted in his own affidavit and without any personal knowledge, are insufficient evidence to set aside the Court's dismissal. In fact, because the assertion is directly contradicted by earlier evidence attested to by both Duran and Rasmussen, and was created only after it was clear the Court did not have

**MEMORANDUM DECISION AND ORDER - 2**

jurisdiction, counsel's affidavit has no basis in fact and raises a serious question as to whether sanctions should be imposed. Nevertheless, the Court is persuaded that it is sufficient to simply deny the motion.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Vacate Dismissal and Motion for Clerk's Default Judgment Against Dakota Financial, LLC (Dkt. 26) is **DENIED**.

DATED: January 29, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court

MEMORANDUM DECISION AND ORDER - 3